An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JESUS AREVALO,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE ROB
BARE, DISTRICT JUDGE,
Respondents,
  and
THE STATE OF NEVADA; AND CITY
OF LAS VEGAS,
Real Parties in Interest.

No. 68303

**FILED**

JUL 21 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION

This original petition for a writ of certiorari challenges the district court's order affirming petitioner Jesus Arevalo's misdemeanor convictions for harassment and breach of peace. Arevalo contends that the district court erred in rejecting his argument that NRS 200.571(1) (harassment) and NRS 203.010 (breach of peace) were unconstitutionally applied to him so as to deny him his right to free speech under the First Amendment.

"A writ of certiorari is an extraordinary remedy and the decision to entertain a petition for a writ of certiorari lies within the discretion of this court." *Zamarripa v. First Judicial Dist. Court*, 103 Nev. 638, 640, 747 P.2d 1386, 1387 (1987). A writ of certiorari may be granted to review an appeal from the municipal court to the district court where a

person has been prosecuted for violating a statute and the district court has ruled on the constitutionality or validity of the statute. NRS 34.020(3); *Zamarripa*, 103 Nev. at 640, 747 P.2d at 1387. "Statutes are presumed to be valid, and the burden is on the challenger to make a clear showing of their unconstitutionality." *Childs v. State*, 107 Nev. 584, 587, 816 P.2d 1079, 1081 (1991).

Arevalo's sole basis for his challenge to the constitutionality of the statutes is that the conduct for which he was convicted was protected speech under the First Amendment.[1] We conclude that Arevalo's conduct, which included obscenities and threats to the victim, was not protected by the First Amendment.[2] *See Cantwell v. Connecticut*, 310 U.S. 296, 309-10 (1940) ("Resort to epithets or personal abuse is not in any proper sense communication of information or opinion safeguarded by the Constitution, and its punishment as a criminal act would raise no question under that instrument."); *Watts v. United States*, 394 U.S. 705, 707-08 (1969) (holding that a true threat of violence to another person is not protected speech); *Ford v. State*, 127 Nev., Adv. Op. 55, 262 P.3d 1123, 1130 (2011) ("'Speech

---

[1]Arevalo makes no challenge to the language of the statutes of conviction and provides no argument that the statutes are unconstitutionally vague or overbroad.

[2]The record shows that Arevalo approached the victim who was sitting on a bench in a church courtyard, accused him of hurting Arevalo's son, took off his shirt and threw it to the ground, screamed obscenities at the victim, challenged him to a fight, and threatened to harm him both then and in the future.

integral to criminal conduct, such as fighting words, threats, and solicitations, remain categorically outside [the First Amendment's] protection.'" (quoting *United States v. White*, 610 F.3d 956, 960 (7th Cir. 2010))).

Arevalo appears to contend that an inquiry into the subjective state of mind of both the defendant and the victim is necessary to determine whether the defendant made "true threats." To the extent that Arevalo relies on *Elonis v. United States*, 575 U.S. ___, 135 S. Ct. 2001 (2015), his reliance is misplaced. The *Elonis* decision, which involved a criminal statute that lacked a mental state requirement for the defendant, held that criminal liability could not be imposed merely because a reasonable person would have perceived a communication as a threat; rather, the defendant must have intended to issue the threat or known that the communication would be viewed as a threat. 575 U.S. at ___, 135 S. Ct. at 2012. Here, unlike in *Elonis*, both of the statutes, NRS 200.571(1) (harassment) and NRS 203.010 (breach of peace), contain a mental state requirement and thus Arevalo's convictions for harassment and breach of peace took into consideration his subjective state of mind. The *Elonis* decision does not require an inquiry into the subjective mind of the victim, and such an inquiry would not have helped Arevalo, as the victim testified that he was scared of Arevalo, he knew that Arevalo was a police officer and often carried a gun, he called 911 during the incident, and he took protective measures after the incident based on Arevalo's threats.

Having considered his petition and concluded that Arevalo fails to demonstrate that the statutes were unconstitutionally applied, we ORDER the petition DENIED.[3]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Rob Bare, District Judge
       Chesnoff & Schonfeld
       Attorney General/Carson City
       Las Vegas City Attorney
       Las Vegas City Attorney/Criminal Division
       Clark County District Attorney
       Eighth District Court Clerk

_____

[3]In light of this disposition, we deny as moot Arevalo's motion for transmission of original exhibits and motion for stay.